## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FIZZICS GROUP, INC.[1] | Case No. 19-10545 (KBO) |
| Debtor. | **Re: Docket Nos.: 123, 124, 132** |

## ORDER CONFIRMING THE FIRST AMENDED PLAN OF REORGANIZATION OF THE <u>DEBTOR PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE</u>

WHEREAS on March 12, 2019 (the "**Petition Date**"), Fizzics Group, Inc., (the "**Debtor**") filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") for relief under chapter 11 (the "**Chapter 11 Case**") of the Bankruptcy Code (the "**Bankruptcy Code**").

WHEREAS no trustee, examiner or creditors' committee has been appointed in this case.

WHEREAS on November 18, 2019, the Debtor filed the *Plan of Reorganization of the Debtor Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 118].

WHEREAS on November 19, 2019, the Debtor filed the *Motion for Entry of an Order (I) Approving the Disclosure Statement; (II) Scheduling a Hearing on Plan Confirmation and Deadlines Related Thereto; (III) Approving Solicitation, Notice, and Tabulation Procedures and Forms Related Thereto; and (IV) Granting Related Relief* [Docket No. 120] (the "**Disclosure Statement Approval and Procedures Motion**").

WHEREAS on December 16, 2019, the Debtor filed its *First Amended Plan of Reorganization of the Debtor Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 123],

---

[1] The last four numbers of the Debtor's tax identification number are 2107. The Debtor's corporate address is 41 Simon Street, Suite 21, Nashau, NH 03060.

(including all exhibits thereto and as amended, supplemented, or otherwise modified from time to time, the "**Plan**"). [2]

WHEREAS on December 20, 2019, the Bankruptcy Court entered an order granting the Disclosure Statement Approval and Procedures Motion [Docket No. 132] (the "**Disclosure Statement Approval and Procedures Order**") which, among other things, (i) established January 17, 2020 at 4:00 p.m. prevailing Eastern time as the deadline for voting on the Plan, objecting to the final approval of the Disclosure Statement and confirmation of the Plan, and filing motions for temporary allowance of claims for purposes of voting on the Plan pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and (ii) scheduled a hearing commencing on January 23, 2019, at 10:00 a.m. (prevailing Eastern time) to consider the final approval of the Disclosure Statement, confirmation of the Plan, and any objections thereto (the "**Confirmation Hearing**"). The Debtor provided notice of the Confirmation Hearing on December 23, 2019 [Docket No. 134].

WHEREAS on December 26, 2019, the Debtor filed the *Certificate of Service*, reflecting that solicitation packages and notices respecting the Confirmation Hearing were served on December 23, 2019, in accordance with the Disclosure Statement Approval and Procedures Order [Docket No. 135] (the "**Solicitation Certificate of Service**").

WHEREAS on January 21, 2020, the Debtor filed its *Declaration of David M. Klauder with Respect to the Tabulation of Votes on the First Amended Plan of Reorganization of the Debtor Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 136] (the "**Voting Report**").

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings assigned to them in the Plan or the Confirmation Brief (as defined below), as applicable.  The rules of interpretation set forth in Article I of the Plan, to the extent applicable, shall apply to this Order.

WHEREAS on January 21, 2020 the Debtor filed the *Debtor's Memorandum of Law in Support of Confirmation of the First Amended Plan of Reorganization of the Debtor Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 137] (the "**Confirmation Brief**").

WHEREAS the Confirmation Hearing concluded on January 23, 2020.

NOW, THEREFORE, the Bankruptcy Court having found that due and proper notice has been given with respect to the Confirmation Hearing and of the deadlines and procedures for filing objections to the approval of the Disclosure Statement and confirmation of the Plan or any aspects thereof; and the appearance of all interested parties having been duly noted on the record of the Confirmation Hearing; and the Bankruptcy Court having considered the Plan, the Disclosure Statement, any and all objections of record, the Voting Report, the Confirmation Brief, all evidence proffered or adduced and the arguments of counsel at the Confirmation Hearing, and the entire record of the Confirmation Hearing and this Chapter 11 Case; and after due deliberation thereon and good cause appearing therefor, the Bankruptcy Court makes and issues the following Findings of Fact and Conclusions of Law and hereby orders as follows:[3]

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      <u>Jurisdiction and Venue</u>.  This Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  Venue before this Bankruptcy Court was proper as of the Petition Date and continues to be proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Approval of the confirmation of the Plan is a core proceeding

---

[3] This Confirmation Order constitutes this Bankruptcy Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, made applicable by Rules 7052 and 9014 of the Bankruptcy Rules.  Any and all findings of fact shall constitute findings of fact even if they are stated as conclusions of law, and any and all conclusions of law shall constitute conclusions of law even if they are stated as findings of fact.

pursuant to 28 U.S.C. § 157(b)(A), (L), and (O) and this Court may enter a final order consistent with Article III of the United States Constitution.

B. <u>Burden of Proof</u>. The Debtor, as plan proponent, has the burden of proving the elements of section 1129(a) of the Bankruptcy Code by a preponderance of the evidence, and, as set forth below, the Debtor has satisfied that burden as to each such element.

C. <u>Standing</u>. The Debtor has satisfied section 1121 of the Bankruptcy Code in that the Debtor has standing to file a plan. Furthermore, the Plan reflects the date it was filed with the Bankruptcy Court and identifies Debtor as the plan proponent, thereby satisfying Bankruptcy Rule 3016(a).

D. <u>Judicial Notice</u>. This Bankruptcy Court takes judicial notice of the dockets in the Chapter 11 Case maintained by the clerk of the Bankruptcy Court and/or its duly appointed agent, including, without limitation, all pleadings, notices, and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before the Bankruptcy Court during the Chapter 11 Case, including, without limitation, the Confirmation Hearing.

E. <u>The Record</u>. The following record (the "**Record**") was established to support confirmation of the Plan:

    a.    all documents identified by the Debtor at the Confirmation Hearing, including, without limitation, the Plan, the Disclosure Statement, and all exhibits, schedules and attachments thereto and filed in connection therewith, all of which were admitted into evidence without objection;

    b.    the Voting Report;

    c.    the proffer and/or testimony of Thomas Steckbeck, the Debtor's CEO, at the Confirmation Hearing held before the Bankruptcy Court on January 23, 2020;

    d.    the entire record of this Chapter 11 Case and the docket maintained by the Clerk of the Bankruptcy Court and/or its duly appointed agent, including,

without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the Chapter 11 Case, as to which the Bankruptcy Court took judicial notice at the Confirmation Hearing; and

e.    the statements and arguments of counsel on the record at the Confirmation Hearing, and all papers and pleadings filed with the Bankruptcy Court in support of, in opposition to, or otherwise in connection with confirmation of the Plan.

The evidence that was admitted into the Record in support of confirmation of the Plan and all related matters demonstrates, by a clear preponderance of the evidence, that the Plan should be confirmed.

F.    <u>Solicitation and Notice</u>.  To obtain the requisite acceptance of the Plan, the Debtor, as plan proponent, completed solicitation of acceptances and rejections of the Plan by distributing the Disclosure Statement, Plan and related materials to holders of Claims and Interests against the Debtor classified in Impaired Classes entitled to vote under the Plan in accordance with the Disclosure Statement Approval and Procedures Order. Notice of the Confirmation Hearing was appropriate and satisfactory based upon the circumstances of this Chapter 11 Case.  The form of the Ballot adequately addressed the particular needs of this Chapter 11 Case and was appropriate for holders of Claims in Classes 1-3, the classes of Claims entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**").  The period during which the Debtor solicited acceptances to the Plan was a reasonable period of time for holders of Claims and Interests in the Voting Classes to make an informed decision to accept or reject the Plan.  The transmittal and service of the Plan, the Disclosure Statement, the Disclosure Statement Approval and Procedures Order, the Ballots, and the notice of the Confirmation Hearing complied with the solicitation procedures approved in the Disclosure Statement

Approval and Procedures Order, was conducted in good faith, and complied with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

G.  <u>Voting</u>.  As evidenced by the Voting Report, each class of Claims either (i) is not impaired as provided in sections 1124 and 1129(a)(8)(B) of the Bankruptcy Code, or (ii) voted to accept the Plan under section 1126 of the Bankruptcy Code and for purposes of section 1129(a)(8)(A) of the Bankruptcy Code.

H.  <u>Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  As set forth below, and as demonstrated by the Record, the Plan complies with all relevant sections of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

a.  <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>.  The Plan complies fully with the requirements of sections 1122 and 1123 of the Bankruptcy Code.  The Plan's classifications conform to the statute and separately classify Claims and Equity Interests based on valid business and legal reasons.  The Plan's classifications have a rational basis because they are based on the respective legal rights of each holder of a Claim against or Equity Interest in the Debtor's estate and were not proposed to create an impaired consenting class and, thereby, manipulate class voting.  Article III of the Plan designates classes of Claims and Equity Interests that require classification.

b.  Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2)).  The Plan complies fully with the requirements of section 1123(a)(2) of the Bankruptcy Code.  Article III of the Plan specifies the classification and treatment of the Classes.  As there are no unimpaired classes under the Plan, this requirement has been met.

c.  Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).  The Plan complies fully with the requirements of section 1123(a)(3) of the Bankruptcy Code.  Article III of the Plan specifies the classification and treatment of Impaired Classes, which included Classes 1 through 4.

d.  No Discrimination (11 U.S.C. § 1123(a)(4)).  The Plan complies fully with the requirements of section 1123(a)(4) of the Bankruptcy Code.  Article III of the Plan provides for the Debtor to provide identical treatment for each Claim or Equity Interest in each Class, except to the extent that a holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest.

e.  Implementation of the Plan (11 U.S.C. § 1123(a)(5)).  The Plan complies fully with the requirements of section 1123(a)(5) of the Bankruptcy Code.  The Plan provides adequate means for implementation of the Plan through, among other things, and pursuant to the terms and conditions stated therein, the reorganization of the Debtor as set forth in Article V of the Plan.

f.  Nonvoting Equity Securities (11 U.S.C. § 1123(a)(6)).  Article III of the Plan provides for the cancellation of the Debtor's equity post-

confirmation, thereby complying with the requirements of 1123(a)(6) of the Bankruptcy Code.

g. <u>Designation of Directors and Officers (11 U.S.C. § 1123(a)(7))</u>.  The Plan, as supplemented by the Record at the Confirmation Hearing. complies fully with the requirements of section 1123(a)(7) of the Bankruptcy Code. The Debtor has identified the directors and officers that will serve in those roles post-confirmation.

I. <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>.  The Plan's provisions are appropriate and consistent with the Bankruptcy Code.

a. <u>Impairment/Unimpairment of Any Class (11 U.S.C. § 1123(b)(1))</u>. Pursuant to the Plan, Classes 1 through 4 are Impaired Classes.

b. <u>Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2))</u>. Article VI of the Plan provides for the rejection, effective on the Effective Date, of any executory contracts or unexpired leases that were not previously assumed or rejected by order of the Bankruptcy Court entered on or before the Effective Date, terminated prior to the Effective Date pursuant to its own terms, or that are not subject of a pending motion to assume or reject on the Effective Date.

J. <u>Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>.  The Plan complies fully with the requirements of section 1129(a)(2) of the Bankruptcy Code.  Pursuant to section 1129(a)(2) of the Bankruptcy Code, the Debtor, as plan proponent, has complied with the applicable provisions of title 11, including, specifically, sections 1123, 1125, and 1126 of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Approval and Procedures

Order governing notice, disclosure, and solicitation in connection with the Plan, the Disclosure Statement, and all other matters considered by the Bankruptcy Court in connection with this Chapter 11 Case.

K.     <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.  The Plan complies fully with the requirements of section 1129(a)(3) of the Bankruptcy Code.  The Plan was proposed in good faith and not by any means forbidden by law.  In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Case and the formulation of the Plan.  The Debtor's good faith is evident from the Record, including the Confirmation Hearing.  The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate and to effectuate a successful reorganization of the Debtor's business.  The Plan also received the support of the requisite voting classes.

L.     <u>Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>.  The Plan complies fully with the requirements of section 1129(a)(4) of the Bankruptcy Code.  Any payment made or to be made by the Debtor for services or for costs and expenses in connection with this Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable.

M.     <u>Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))</u>.  The Plan complies fully with the requirements of section 1129(a)(5) of the Bankruptcy Code.  The Debtor has identified its officers and directors who will serve in such capacities following the Effective Date.

N.     No Rate Changes (11 U.S.C. § 1129(a)(6)).  Section 1129(a)(6) of the Bankruptcy Code is inapplicable because the Plan does not provide for any rate changes over which a governmental regulatory commission has jurisdiction.

O.     Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).  The Plan complies fully with the requirements of section 1129(a)(7) of the Bankruptcy Code.  Each holder of an Impaired Claim either has accepted the Plan or will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

P.     Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(8)).  As set forth in the Voting Report, Classes 1, 2 and 3 voted to accept the Plan.  Accordingly, section 1129(a)(8) of the Bankruptcy Code has been satisfied as it relates to Classes 1, 2 and 3.

Q.     Treatment of Administrative, Priority and Tax Claims (11 U.S.C. §1129(a)(9)).  The Plan complies fully with the requirements of section 1129(a)(9) of the Bankruptcy Code with respect to the treatment of Administrative Claims, Professional Fee Claims and Priority Claims.  Article II of the Plan provides that holders of Allowed Administrative Claims (other than professionals) will receive on the Effective Date a cash distribution in full satisfaction of their Claims, unless they agree to a different treatment.  Pursuant to section II.C. of the Plan, holders of Allowed Professional Claims are required to file final fee applications with the Court.

R.     Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10)).  The Plan complies fully with the requirements of section 1129(a)(10) of the Bankruptcy Code.  Specifically, the Voting Classes voted to accept the Plan.

S. **Feasibility (11 U.S.C. § 1129(a)(11))**. The Plan complies fully with the requirements of section 1129(a)(11) of the Bankruptcy Code because it provides for the reorganization of the Debtor, appropriate treatment for Allowed Claims and Interests, and continued operations in the form of the Reorganized Debtor. The Record establishes that the Debtor will have adequate revenue to satisfy Allowed Claims pursuant to the treatment set forth in the Plan, and that the Debtor will be able to implement the terms of the Plan. The Record further establishes that confirmation of the Plan is not likely to be followed by the need for further bankruptcy relief of the Debtor.

T. **Payment of Fees (11 U.S.C. § 1129(a)(12))**. The Plan complies fully with the requirements of section 1129(a)(12) of the Bankruptcy Code. Section V.I of the Plan provides for the payment of all statutory fees by the Debtor on or before the Effective Date.

U. **Miscellaneous Provisions (11 U.S.C. §§ 1129(a)(13)-(16))**. Sections 1129(a)(13)-(16) of the Bankruptcy Code are inapplicable because the Debtor (i) has no retirees, (ii) has no domestic support obligations, (iii) is not an individual, and (iv) is a for-profit business.

V. **Nonconsensual Confirmation (Cramdown) of Non-Accepting Classes (11 U.S.C. § 1129(b))**. Holders of Equity Interests in Class 4 will not receive any distributions under the Plan on account of such Equity Interests and the Equity Interests will be canceled, and as such, Class 4 is deemed to reject the Plan. The Debtor however satisfies the standard for a nonconsensual confirmation (cramdown) of the Plan as it relates to Class 4 as the Plan does not discriminate unfairly" and is "fair and equitable" with respect to Class 4.

W. **Confirmation of Only One Plan (11 U.S.C. § 1129(c))**. The Plan (including previous versions thereof) is the only plan that has been filed in the Chapter 11 Case. Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

X.     Principal Purpose of Plan (11 U.S.C. § 1129(d)).  The Plan complies fully with the requirements of section 1129(d) of the Bankruptcy Code.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

Y.     Small Business Case (11 U.S.C. § 1129(e)).  Section 1129(e) of the Bankruptcy Code is inapplicable because this Chapter 11 Case is not a small business case.

Z.     Good Faith Solicitation (11 U.S.C. § 1125(e)).  Based on the Record in the Chapter 11 Case, the Debtor as plan proponent, and its respective current officers, directors, members, managers, employees, agents, attorneys, advisors, accountants, restructuring consultants, financial advisors, and investment bankers, have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of their respective activities relating to the solicitation of acceptances of the Plan.

AA.    Exemption From Transfer Taxes (11 U.S.C. § 1146(a)).  In accordance with section 1146(a) of the Bankruptcy Code, the transactions contemplated by the Plan shall not be subject to any tax under any law imposing a stamp tax or similar tax, including any real or personal property transfer tax.

BB.    Exculpation.  The exculpation provision set forth in Section VIII.D of the Plan was proposed in good faith and are essential to the Plan.  The exculpation provisions described in Section VIII.D of the Plan are consistent with section 1125(e) of the Bankruptcy Code and are appropriately tailored to protect the exculpated parties defined in the Plan from inappropriate litigation and to exclude any causes of action determined by a Final Order to arise from actions or omissions that constitute fraud, gross negligence, criminal conduct, malpractice, misuse

and/or misappropriation of confidential information and/or intellectual property that causes damages, or an *ultra vires* act.

CC.     Releases.  The Debtor Release provision set for in Section VIII.E of the Plan is reasonable, appropriate, and warranted based on the facts and circumstances of this Chapter 11 Case.. The Third Party Release provision set forth in Section VIII.F, as modified by Paragraph 8 of this Order, is reasonable, appropriate, and warranted based on the facts and circumstances of this Chapter 11 Case.

DD.     Plan Implementation.  The Plan, any documents and agreements necessary to implement the Plan, and all other relevant and necessary documents described in the Plan, and in the Record, have been negotiated in good faith and at arm's length, are in the best interests of the Debtor, and shall upon the Effective Date be valid, binding, and enforceable documents and agreements not in conflict with any federal or state law.

EE.     Binding and Enforceable.  The Plan shall bind the Debtor, any principal of the Debtor, and any Creditor or Equity Interest Holder, whether or not such Creditor or Equity Interest Holder has filed a Proof of Claim or Equity Interest in the Chapter 11 Case, whether or not the Claim of such Creditor or the Equity Interest of such Equity Interest Holder is impaired under the Plan, and whether or not such Creditor or Equity Interest Holder has accepted or rejected the Plan.  The Plan constitutes a legal, valid, binding and authorized obligation of the respective parties thereto and shall be enforceable in accordance with its terms.  Pursuant to section 1142(a) of the Bankruptcy Code, the Plan shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

FF.     Resolution of Objections.  All parties have had a full and fair opportunity to litigate all issues related to the Plan.  All Objections that were not withdrawn or resolved by

agreement on or prior to the Confirmation Hearing are hereby overruled, or are otherwise disposed of, as set forth herein and on the record of the Confirmation Hearing.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.	Confirmation.  The Plan is CONFIRMED pursuant to section 1129 of the Bankruptcy Code.  The terms of the Plan and all exhibits thereto are incorporated by reference into and are an integral part of this Confirmation Order and are authorized and approved.  The failure to reference any particular provision of the Plan in this Confirmation Order will have no effect on the Bankruptcy Court's approval and authorization of, or the validity, binding effect or enforceability of, the Plan in its entirety.

2.	Objections.  All Objections and any and all other responses, reservations, statements, and comments in opposition to the Plan, or the proposed Confirmation Order, other than those resolved or withdrawn with prejudice before or on the record at the Confirmation Hearing, are overruled on the merits.

3.	Plan Implementation.

a.	General Authorization.  The transactions described in the Plan are hereby approved.  On or before the Effective Date, and after the Effective Date, as necessary, and without any further order of the Bankruptcy Court or other authority, the Debtor, and their respective directors, officers, agents, and advisors are authorized and empowered pursuant to section 1142(b) of the Bankruptcy Code and all applicable state and local laws to (i) grant, issue, execute, deliver, file or record any agreement or document, including the Plan or any other documents related thereto, and (ii) take any action necessary or appropriate to implement, effectuate, and consummate the

Plan in accordance with its terms. All such actions taken or caused to be taken shall be deemed to have been authorized and approved by the Bankruptcy Court without further approval, act, or action under any applicable law, order, rule, or regulation, including (i) all transfers of assets that are to occur pursuant to the Plan, (ii) the incurrence of all obligations contemplated by the Plan and the making of all distributions under the Plan, and (iii) entering into any and all transactions, contracts, leases, instruments, releases, and other documents and arrangements permitted by applicable law, order, rule, or regulation. The approvals and authorizations specifically set forth in this Confirmation Order are nonexclusive and are not intended to limit the authority of the Debtor or any officer or authorized representative thereof to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order pursuant to section 1142(b) of the Bankruptcy Code. Pursuant to section 1142(b) of the Bankruptcy Code, to the extent that, under applicable nonbankruptcy law, any of the foregoing actions would otherwise require approval of the equity holders or directors (or any equivalent body) of the Debtor, such approval shall be deemed to have occurred and shall be in effect from and after the Effective Date pursuant to the applicable law of the jurisdiction of incorporation or formation without any requirement of further action by the equity holders or directors (or any equivalent body) of the Debtor. On the Effective Date,

or as soon thereafter as is practicable, the Debtor shall, if required, file any documents required to be filed in such jurisdictions so as to effectuate the provisions of the Plan. Any or all documents contemplated herein shall be accepted by each of the respective filing offices and recorded, if required, in accordance with applicable law and shall become effective in accordance with their terms and the provisions of such applicable law. All counterparties to any documents described in this paragraph are hereby directed to execute such documents as may be required or provided by such documents, without any further order of the Bankruptcy Court.

      b.     <u>No Action</u>. Pursuant to section 1142(b) of the Bankruptcy Code, no action of the respective directors or stockholders of the Debtor shall be required to authorize the Debtor to enter into, execute, deliver, file, adopt, amend, restate, consummate, or effectuate, as the case may be, the Plan and any contract, instrument, or other document to be executed, delivered, adopted, or amended in connection with the implementation of the Plan.

    4.    <u>Binding Effect</u>. On the date of and after entry of this Confirmation Order and subject to the occurrence of the Effective Date (and subject to the provisions of the Plan), the provisions of the Plan shall bind the Debtor, and any Creditor or Equity Interest Holder, whether or not such Creditor or Equity Interest Holder has filed a Proof of Claim or Equity Interest in the Chapter 11 Case, whether or not the Claim of such Creditor or the Equity Interest of such Equity Interest Holder is impaired under the Plan, and whether or not such Creditor or Equity Interest Holder has accepted or rejected the Plan.

5. <u>Exculpation</u>.  The exculpation included in Section VIII.D of the Plan, along with all corresponding injunctions, are incorporated by reference and shall be, and hereby are, approved, and shall be effective upon the occurrence of the Effective Date.

6. <u>Injunctions</u>.  The injunction set forth in Section VIII.H of the Plan is incorporated by reference and shall be, and hereby is approved, and shall be effective upon the Effective Date.

7. <u>Releases by the Debtor</u>.  The Debtor releases set forth in Section VIII.E of the Plan is incorporated by reference and shall be, and hereby is approved.

8. <u>Third Party Releases</u>.  The Third Party Release set forth in Section VIII.F of the Plan is modified as follows: the Third Party Release is only binding on the Holder of a Claim that has either (a) voted to accept the Plan and has not opted out from granting such releases, or (b) votes to reject the Plan and has not opted out from granting such releases will grant the release.  The Third Party Release as modified is hereby approved.

9. <u>Discharge of Claims</u>.  The discharge provision set forth in Section VIII.G of the Plan is incorporated by reference and shall be, and hereby is, approved, and shall be effective upon the Effective Date.

10. <u>Treatment of Executory Contracts and Unexpired Leases</u>.  Except with respect to executory contracts or unexpired leases that: (i) were previously assumed or rejected by order of the Bankruptcy Court, or (ii) are the subject of a pending motion to assume or reject (including those pending or granted pursuant to the Sale Order), pursuant to section 365 of the Bankruptcy Code, or (iii) is the Sloan Lease, which will be assumed and assigned to the Purchaser at Closing, on the Effective Date, each executory contract and unexpired lease entered into by the Debtor prior to the Petition Date that has not previously expired or terminated pursuant to its own terms shall be deemed rejected in accordance with Section VI of the Plan.

11.    Exemption from Transfer Taxes.  In accordance with section 1146(a) of the Bankruptcy Code, the transactions contemplated by the Plan shall not be subject to any tax under any law imposing a stamp tax or similar tax, including any real or personal property transfer tax.

12.    Payment of Statutory Fees.  All fees payable pursuant to section 1930 of title 28 of the United States Code and any interest thereon pursuant to section 3717 of title 31 of the United States Code that are due and payable through the Effective Date shall be paid by the Debtor on or before the Effective Date, and amounts due thereafter shall be paid by the Reorganized Debtor in the ordinary course of business until the Bankruptcy Court enters a Final Decree closing the Chapter 11 Case, dismisses the Chapter 11 Case, or converts the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code.

13.    Governmental Approvals Not Required.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan.

14.    Filing and Recording.  This Confirmation Order is and shall be binding upon and shall govern the acts of all Persons or entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other Persons and entities who may be required, by operating of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument.  Each and every federal, state, and local government agency is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate (including financing statements under the applicable uniform commercial code) to effectuate, implement, and consummate the transactions contemplated by the Plan and this Confirmation

Order without payment of any stamp tax, recording tax, real or personal property transfer tax, or similar tax imposed by any state or local law.

15.     Terms of Injunctions or Stays.  Unless otherwise provided by an order of the Bankruptcy Court or another court of competent jurisdiction, all injunctions or stays arising under or entered during the Chapter 11 Case under sections 105 or 362 of the Bankruptcy Code or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

16.     Notice of Entry of Confirmation Order and Occurrence of the Effective Date. Within ten (10) days after occurrence of the Effective Date, the Debtor shall file with the Bankruptcy Court a notice of the Entry of this Confirmation Order and the occurrence of the Effective Date.  Such notice is adequate and sufficient notice of the confirmation of the Plan, the entry of this Confirmation Order, and the occurrence of the Effective Date, and no other or further notice is or shall be necessary.

17.     Professional Fee Claims.  Professionals requesting compensation or reimbursement of expenses pursuant to sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code or required to file fee applications by order of the Bankruptcy Court for services rendered prior to the Effective Date shall (a) file and serve their respective final applications for allowance of such Professional Fee Claims no later than forty-five (45) days after the Effective Date, and (b) if granted such an award by the Bankruptcy Court, be paid in Cash in such amounts as are Allowed by the Bankruptcy Court, subject to and to the extent provided for in the Approved Budget (i) on the date such Professional Fee Claim becomes an Allowed Professional Fee Claim, or as soon thereafter as is practicable, or (ii) upon such other terms as may be mutually agreed upon between such holder of a Professional Fee Claim and the

Post-Effective Date Debtor.  The Reorganized Debtor shall pay retained Professionals or other entities for any work performed after the Effective Date without further approval of this Court.

18.     Closing Report.  The deadline for the Post-Effective Date Debtor to file a closing report pursuant to Local Bankruptcy Rule 3022-1 is hereby extended, and such report shall be filed with the application for the Final Decree.  The Debtor shall continue to file quarterly operating reports until the Final Decree is entered.

19.     Effect of Confirmation Order on Other Orders.  Unless expressly provided for herein, nothing in the Plan or this Confirmation Order shall affect any orders previously entered in the Chapter 11 Case.

20.     Inconsistency.  In the event of any inconsistency between the Plan and this Confirmation Order, this Confirmation Order shall govern.

21.     Retention of Jurisdiction.  Upon the Effective Date, the Bankruptcy Court shall retain jurisdiction over the matters arising in, under, and related to, the Chapter 11 Case, as set forth in Section IX of the Plan and section 1142 of the Bankruptcy Code.

22.     Governing Law.  Except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent a document related to the Plan provides otherwise (in which case the governing law specified therein shall be applicable to such exhibit or document), the rights, duties, and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware without giving effect to its principles of conflicts of laws.

23.     Severability.  Each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is (a) valid and enforceable in accordance with its

terms, (b) integral to the Plan and may not be deleted or modified, and (c) nonseverable and mutually dependent.

24.     Stay of Confirmation Order.  The requirements under Bankruptcy Rule 3020(e) that an order confirming a plan is stayed until the expiration of fourteen (14) days after entry of the order is hereby waived.  This Confirmation Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(g), 6006(d), or 7062.

25.     References to Plan Provisions.  The failure to specifically include or refer to any article, section, or provision in the Plan, or related agreement or transaction in this Confirmation Order, shall not diminish or impair the effectiveness of such article, section, provision, related agreement or transaction.

**Dated: January 24th, 2020**
**Wilmington, Delaware**

21

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**